Eva Leyva LAQUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00017–CR.

Court of Appeals of Texas, San Antonio.

Jan. 13, 1982.

Rehearing Denied Feb. 24, 1982.

Anthony Nicholas, Yale G. Phillips, Jr., Nicholas & Barrera, Inc., San Antonio, for appellant.

Bill White, Dist. Atty., John Horn, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

BUTTS, Justice.

Appeal is taken from conviction for possession of heroin. Trial was to the court which assessed punishment at five (5) years' imprisonment.

Appellant directs her attack through related grounds of error to the following areas: lack of probable cause in the affidavit for the search warrant, non-disclosure and non-production of the informant which, in turn, prevented her from "going behind the four corners of the search warrant."

San Antonio police officer Jerry Rangel testified that he received information from an undisclosed informant at approximately 7:30 a.m. on September 2, 1977. The informant reported to him that appellant and

Joe Bara had heroin in their possession at 549 Pennystone in San Antonio. In addition, he gave the officer the descriptions and license numbers of two automobiles: a 1970 Dodge Charger and a 1973 Chevrolet located at the same place. Rangel subsequently set up surveillance at the same location with detectives Salazar and Longeria.

It was approximately 1:00 p.m. on September 2, 1977, when officer Rangel obtained a search warrant from a municipal judge and proceeded to appellant's residence accompanied by detectives Salazar and Longeria, four federal drug enforcement agents, several other San Antonio police officers, and an investigator from the district attorney's office. They gained entry into the residence by breaking down the door. They discovered appellant and Bara lying on a mattress on the floor. After the couple dressed, officer Salazar read the search warrant to them, and they were given *Miranda*[1] warnings. Although there is conflicting evidence concerning when they were actually placed under formal arrest, this does not affect any issue on appeal.

At Rangel's direction the officers searched the premises and the Dodge Charger automobile parked outside. This car matched the description furnished by the informant. A later registration check showed it belonged to appellant's ex-husband. This was one of the cars described in the search warrant, which authorized it to be searched.

The search of the trunk of the Dodge yielded a Taster's Choice coffee jar containing fourteen heat-sealed plastic packages of heroin and a Best Maid pickle jar containing sixteen heat-sealed plastic packages of heroin. Imprinted on both jars were the fingerprints of appellant, as well as on the plastic baggies. The documented proof of appellant's fingerprints was admitted into evidence.

Officer Rangel was the affiant in the affidavit for the search warrant, which read in part:

"... Affiant did on the 2nd day of September, 1977, receive information from a reliable and credible person who had on previous occasions given affiant informition [sic] regarding narcotics traffic which has proven correct, but whose identity cannot be revealed for security reasond [sic] that he, the said reliable and credible person did on the 2nd day of September, 1977, see a controlled substance, to-wit: Heroin, unlawfully possessed by the aforesaid Eva Leyva Laque and Joe Bara, at the above described premises ...."

In her first ground of error appellant questions the sufficiency of the affidavit. Where, as here, an unnamed informant has supplied the affiant with the information contained in the affidavit, and it also appears that the informant has given the affiant information in the past which has proven to be correct, this satisfies the second prong of *Aguilar v. Texas*, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1513–1514, 12 L.Ed.2d 723, 729 (1964); *Carmichael v. State*, 607 S.W.2d 536, 538 (Tex.Cr.App. 1981). The magistrate must be informed of some of the underlying circumstances from which the affiant concluded the informant was credible or reliable. The affidavit meets that standard.

Satisfying the first prong of *Aguilar, supra,* often presents a problem. The affidavit requesting the warrant must inform the magistrate of some of the underlying circumstances from which the informant concluded that the narcotics were where the informant claimed they were. *Carmichael v. State, supra,* at 538. This is usually established by alleging that the informant has observed the contraband. *See* citations in footnote 1, *Carmichael, supra,* at 539. We hold that both prongs of *Aguilar* were satisfied, and sufficient probable cause was established in the affidavit for the search warrant to issue. Appellant's ground of error that the search warrant was defective, and that the evidence seized under its authority should have been suppressed, is overruled.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.
1602, 16 L.Ed.2d 694 (1966).

■ Appellant next alleges error when the trial court refused to require the State to disclose the name of the informant. The privilege of nondisclosure of an informant is recognized in Texas when the question is one of probable cause for an arrest or search. *See e.g. Etchieson v. State,* 574 S.W.2d 753 (Tex.Cr.App.1978). This is a common law evidentiary privilege which has been brought forward into the federal and state jurisdictions. *See* 8 Wigmore, *Evidence,* § .2192 (McNaughton rev. 1961). The Supreme Court, in *Roviaro v. United States,* 353 U.S. 53, 61–62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639, 646 (1957), held that where in trial, "the disclosure of an informer's identity ... is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way ...." The Court further stated:

> ... The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case ....

■ In Texas the rule is that unless the informant is shown to have participated in the offense, or to have been present at the time of the offense, or otherwise is shown to have been a material witness to the transaction, or is to be a material witness as to whether the defendant knowingly committed the act charged, the identity of the informant need not be disclosed. *Rodriguez v. State,* 614 S.W.2d 448, 449 (Tex.Crim. App.1981), *Etchieson v. State, supra,* at 757. *See Roviaro, supra; McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

■ In examining the record we find no evidence to support any one or more of the reasons which mandate that there must be disclosure. We hold that the trial court did not err in denying the motion to disclose the informant's identity.

■ Appellant's two remaining grounds of error charge that the trial court erred by overruling her motion for production of the informant and in not holding an in camera hearing. We perceive appellant to mean that nonproduction of the informant prevented her from effectively "going behind the four corners of the search warrant." *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978),[2] decided after the trial but before time for sentencing in the instant case, provided defendants with a vehicle to test the veracity of the affiant. Pursuant to a post-trial motion the trial court conducted a *Franks* hearing in this case. Testifying at the hearing were appellant and Bara, both of whom stated no other person was present with them, nor did they have any visitors, on September 2, 1977. Appellant did not call officer Rangel to testify. No other evidence was offered, and the trial court overruled the motion for production of the informant. We agree with the trial court's ruling.

We find that appellant did not establish by a preponderance of the evidence that Rangel deliberately falsified the affidavit or that he recklessly disregarded the truth, as alleged by appellant.

In addition, we find that the issue of probable cause to obtain the search warrant could be determined without disclosure of the informant.

The Supreme Court in *Franks, supra,* 438 U.S. at 170, 98 S.Ct. at 2684, stated:

> perjury or reckless disregard is established by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. *Franks v. Delaware,* 438 U.S., at 155–156, 98 S.Ct. at 2676–2677.

---

2. The Supreme Court held that where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of

... [W]e in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made. *McCray v. Illinois* (citation omitted), the Court's earlier disquisition in this area, concluded that the Due Process Clause of the Fourteenth Amendment did not require the State to expose an informant's identity routinely, upon a defendant's mere demand, when there was ample evidence in the probable cause hearing to show that the informant was reliable and his information credible.

Appellant does not challenge the sufficiency of the evidence on appeal. Each facet of her attack goes to the existence of probable cause, not guilt or innocence. Finding no error, we overrule the grounds of error relating to nondisclosure and nonproduction of the informant.

The judgment is affirmed.