Jose Luis BOSQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–89–00326–CR.

Court of Appeals of Texas,
El Paso.

June 13, 1990.

Rehearing Overruled July 11, 1990.

Joe E. Boaz, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a revocation of probation. Appellant initially entered a plea of guilty to the offense of possession of cocaine on May 27, 1987. His punishment was assessed at imprisonment for five years, probated. On November 3, 1988, the State moved to revoke probation based upon Appellant's possession of both cocaine and marihuana on July 24, 1988. On May 5, 1989, the court heard and overruled motions to suppress the fruits of the search involved and to disclose the identity of the confidential informant. Evidence was then presented on the merits of the revocation allegations. On August 2, 1989, probation was revoked and Appellant was sentenced to five years' imprisonment. We affirm.

In Point of Error No. One, Appellant contends that the court erred in failing to suppress the fruits of the search conducted under warrant in this case. (State's Exhibit No. One). On Sunday, July 24, 1988, U.S. Customs Investigator Curtis Compton received a tip from a confidential informant.

The informant indicated that within the preceding twenty-four hours he had been inside a residence at 19180 Texas Highway 20 in Tornillo, Texas, and had there observed one David Garcia in possession of cocaine. He gave a physical description of Garcia. The informant had given reliable information to Compton concerning drug trafficking upon several occasions in the preceding four months and was familiar with cocaine.

Compton relayed this information to El Paso County Deputy Sheriff Larry Guerra, assigned to the West Texas Multi–County Narcotics Task Force. Guerra did not

know any David Garcia, but did recognize the address as the residence of the Appellant, based upon past arrest records. Customs officers maintained a brief surveillance of the residence without generating any corroboration of the tip. Since it was a Sunday, Guerra did not obtain a utilities check on the identified premises. The information provided by the informant, through Compton, was set out in an affidavit by Guerra, upon which a magistrate issued a search warrant for the premises. The warrant was executed, and both cocaine and marihuana were seized from the residence.

■ Appellant relies upon *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) for the standards, analyses and consequences to be applied where it is alleged that an affidavit in support of a search warrant contains false statements which were included by the affiant intentionally, knowingly or with reckless disregard for the truth. The defendant must initially make a substantial showing of (1) such a false statement, (2) made by the affiant intentionally, knowingly or with reckless disregard for the truth, *and* (3) that such statement was necessary to the finding of probable cause. Upon such showing, the accused is entitled to a hearing at which inquiry may extend beyond the four corners of the affidavit. If at such hearing, the affiant's perjury or reckless disregard for the truth is established by the accused by a preponderance of the evidence, then the false material is to be disregarded and the remainder of the affidavit evaluated to determine whether or not it still establishes probable cause. We accept Appellant's next legal proposition that, in addition to misstatements, the *Franks'* rule is also applicable to material, misleading omissions on the part of the affiant. *Melton v. State,* 750 S.W.2d 281, 284 (Tex.App.—Houston [14th Dist.] 1988, no pet.). In applying these legal propositions to the present evidentiary record, we part ways with Appellant.

Appellant's complaint centers on the second paragraph of Deputy Guerra's affidavit. There, Guerra asserted that the "sus-pected place" was in charge of and controlled by the David Garcia (description included) named by Compton's informant and "other person(s) whose name(s) and descriptions and identities are unknown." Appellant argues that the affidavit was intentionally false by inclusion of David Garcia as controlling the premises and omitting any reference to Appellant, known by Guerra to have been in residence there for one to two years.

As the lower court tried repeatedly to point out to counsel, Guerra's knowledge of Appellant's residence was not inconsistent with joint occupancy or control by the alleged David Garcia. Guerra did omit reference to Appellant and could have included more information in that regard, but the omission was not false, inconsistent with the other included information, misleading or necessary to the finding of probable cause. FURTHERMORE, IN APPELLANT'S OWN CROSS–EXAMINATION OF INVESTIGATOR COMPTON, IT WAS DISCLOSED WITHOUT OBJECTION THAT "DAVID GARCIA" IS IN FACT AN ALIAS USED BY APPELLANT.

Even if the omission were considered misleading, the evidence fails to support the requisite culpable mental state on the part of the affiant under *Franks.* See *Dancy v. State,* 728 S.W.2d 772, 782–783 (Tex.Crim.App.1987). That, coupled with the fact that the remainder of the affidavit provides an ample basis for the finding of probable cause, renders Appellant's complaint devoid of merit. *See also* Tex.Code Crim.Pro.Ann. art. 38.23(b) (Vernon Supp. 1990).

For counsel's future guidance on what constitutes misstatements of fact, in at least reckless disregard for the truth, we offer the following comparisons between counsel's brief and the record. Counsel asserted that *"nothing* else was done to corroborate the information given by the CI," there was a "failure to make *any* attempt to corroborate the CI's information," and "no attempt was ever made to corroborate the information." Both Deputy Guerra and Investigator Compton testified that customs officers engaged in a

surveillance of the premises prior to preparation of the affidavit. Guerra also indicated that a "vehicle check" was performed. The fact that neither of these actions provided positive results prior to the affidavit does not support the emphasized assertions in counsel's brief that no effort was made.

Counsel also asserts that "[t]he CI *did not* tell Compton that he had seen any contraband in the residence itself." The affidavit clearly states:

> The confidential informant advised Investigator Compton that he saw the Suspected Party in possession of the cocaine in the suspected place within the past seventy-two hours.

In making his assertion, counsel quotes the same passage, but significantly ends his quotation with the word "cocaine," omitting the very next words "in the suspected place." Counsel has demonstrated that he can read; we can only assume that he believes the Court cannot or will not read the record.

Next, counsel states:

> [T]he record makes clear that at the time Guerra made his affidavit, he was aware of specific facts tending to disprove the information provided by the informant concerning the owner of the residence in question.

A review of the affidavit and the testimony of Guerra and Compton indicates no assertion by the informant as to *ownership* of the residence. Even if he had, Guerra's information concerning Appellant's *residence* there would not tend to disprove such an assertion.

Counsel next suggests that:

> Surveillance or waiting for one day to do a utilities check would have confirmed the true owners of the residence, and would have disproved a David Garcia residing there.

To the contrary, it would simply have revealed the name under which the utilities were registered. It would, by common sense and knowledge, neither prove nor disprove ownership (joint or otherwise; absentee or otherwise), residence (single or joint; permanent, long-term or transient),

or even who was actually paying for the utility service.

> Guerra candidly admitted to the trial court that he knew that a David Garcia did not live at the residence.

Counsel's failure to cite the record in making such an assertion is understandable since Guerra actually testified that, apart from Appellant, he did not know whether or not any other persons lived there at the residence.

The frequency and degree of deviation between the ten-page brief's assertion as to the record and the thirty-eight page evidentiary portion of the record, dealing with the options to suppress and disclose, are inexcusable. It is ironic in light of the complaint lodged in Point of Error No. One. That point of error is overruled.

■ In Point of Error No. Two, Appellant complains of the court's refusal to order disclosure of the confidential informant's identity. The testimony affirmatively reflects that the informant was not present at the time of the search and seizure. There was no evidence that he was a material witness or contributed at all to the commission of this offense. *Kemner v. State*, 589 S.W.2d 403 (Tex.Crim.App.1979). Neither the hearing on the preliminary motion nor the hearing on the merits of the revocation generated evidence suggesting that the informant's testimony would be necessary to a fair determination of the issues. Tex.R.Crim.Evid. 508(c)(2). *In camera* disclosure under Rule 508(c)(3) is contingent upon the judge not being satisfied as to the affiant's reasonable belief in the reliability and credibility of the informant. There is absolutely nothing in the record to impugn the reliability and credibility reflected in the affidavit. Point of Error No. Two is overruled.

The judgment is hereby affirmed.