**Bo Herman ASHORN, Appellant,**

v.

**STATE of Texas, State.**

**Nos. 2–89–270–CR, 2–89–271–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 23, 1991.

David Bays, Danny Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Chris Marshall, Asst. Dist. Atty., Fred Cummings, and Kevin Kapitan, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Pursuant to a plea bargain agreement, appellant, Bo Herman Ashorn, pled guilty to charges contained in two indictments: (1) aggravated possession of a controlled substance, namely cocaine, of more than 28 grams but less than 400 grams, see TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon Pamph.1991); and (2) aggravated possession of marihuana, of more than 50 pounds but less than 200 pounds, see TEX. HEALTH & SAFETY CODE ANN. § 481.121(c) (Vernon Pamph. 1991). The trial court assessed punishment at 10 years confinement in the Texas Department of Corrections and a fine of $1000 for each offense. Appellant preserved his right to appeal from an adverse ruling on his motion to suppress the evidence seized in the search.

We affirm.

The record reveals that Officers Les Motl and Mark Watkins of the Denton County Sheriff's department received information from a confidential informant that appellant was in possession of a large quantity of marihuana. Based on this information, the officers set up a "controlled buy" on April 12, 1988. The two officers followed the informant to the apartment complex in which appellant was living. Once there, the officers searched the informant and his vehicle to ensure that the informant was not carrying any contraband. The informant was given $250 in marked bills to make the buy. The informant went into appellant's apartment. Appellant and the informant left the apartment and traveled to a mini-storage warehouse. Upon returning to appellant's apartment, the informant left appellant and was followed to a predetermined location. The officers again searched the informant and his vehicle. The informant turned over one-eighth of an ounce of cocaine he had purchased from appellant with the buy money and a pound of marihuana that appellant had "fronted" the informant. Officers Motl and Watkins then contacted the Tarrant County narcotics task force and obtained a search and arrest warrant for appellant, his apartment, and the mini-storage warehouse. Both sites were located in Tarrant County.

In his first point of error, appellant contends the trial court erred in failing to suppress the evidence because the affidavit in support of the search warrant contained false statements of fact. In his second motion to suppress, appellant stated that intentional misrepresentations were made to the magistrate in order to obtain the

warrant. Specifically, appellant asserts that the affiant's statement that he received information from an informant who had provided information in the past that had proven to be truthful and correct was false and misleading.

Appellant relies on the case of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) and its progeny to support his first point of error. In *Franks*, the Supreme Court stated:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.*, 98 S.Ct. at 2676.

■ Later in the opinion, the Supreme Court set out specifically what requirements must be met by a defendant. First, there must be allegations of deliberate falsehood or reckless disregard for the truth. These allegations must be accompanied by an offer of proof and specifically point out those portions of the affidavit claimed to be false. *Id.* at 2684. Allegations of innocent mistake or negligence are insufficient as are conclusory allegations. *Id.* Affidavits or otherwise reliable statements of witnesses must be furnished or their absence explained. *Id.* Finally, the defendant must show that when the false portion is excised, the remaining content of the affidavit is insufficient to support a finding of probable cause. If these requirements are met, the Court said that the defendant is entitled to his evidentiary hearing. *Id.* at 2685.

■ As previously mentioned, appellant did allege an intentional falsehood in his motion to suppress. Appellant asserted that this was the first time the informant had actually provided information to the officers about any criminal violations. Appellant did not accompany his motion with any affidavits or other reliable statements of witnesses, nor did he explain the lack of said items. We do not believe that appellant made a "substantial preliminary showing." *Franks*, 98 S.Ct. at 2676; *Dancy v. State*, 728 S.W.2d 772, 781 (Tex.Crim.App. 1987). We will address this point of error however, in light of the fact that the trial court granted appellant a hearing on the motion to suppress.

■ At the hearing, Officer Motl testified that the informant had provided information to the officers prior to the case in question. The informant had provided information on people he had dealt drugs to and the person from whom he was getting his drugs. This information was found to be truthful. During cross-examination, Officer Motl testified that appellant's case was the first time that the informant had actually assisted on a case that had resulted in prosecution. Appellant's investigator testified that the alleged informant had told her that appellant's case was the only time he was an informant for the police.

Appellant contends that since the informant had not provided information that resulted in arrests or convictions, the informant had not provided information that had been proven to be truthful and correct. We do not accept this contention. Appellant does not cite us to any case law that requires that an informant's previous information must have resulted in arrest or conviction. In fact, authority is to the contrary. *Gonzales v. State*, 704 S.W.2d 508, 510 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *see* W. LaFave, *Search and Seizure* § 3.3(b) (2d ed. 1987).

We find that appellant failed to establish his allegation of an intentional falsehood by a preponderance of the evidence. *See Franks*, 98 S.Ct. at 2676. Appellant's

claim that the complained of statement is false and misleading is not borne out by the evidence. Even if the statement was found to be misleading, which we do not so find, appellant failed to show that said statement was made with the type of intent, knowledge, or recklessness contemplated by *Franks*. *See, e.g., Dancy v. State*, 728 S.W.2d 772, 782 (Tex.Crim.App. 1987). Appellant has failed to prove that he was entitled to any relief under *Franks*. Therefore, the trial court did not err in refusing to suppress the evidence obtained as a result of the search warrant.

Appellant's first point of error is overruled.

In appellant's second point of error, he contends the trial court erred in not ordering the State to produce the informant because the State has an affirmative obligation to assist the defendant in obtaining witnesses. Appellant asserts that the informant was a material witness on the issue of probable cause to support the issuance of the search warrant. Appellant's briefing of this point of error indicates some confusion on appellant's part as to his actual complaint. Our reading of the brief finds two possible arguments: (1) the State has a burden to produce the informant at trial; and (2) appellant is entitled to disclosure of the identity of the confidential informant. We will address the disclosure aspect first.

■ In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the United States Supreme Court set forth general guidelines concerning the disclosure of confidential informants. The Court stated that the problem of disclosure calls for a balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*, 77 S.Ct. at 629. Whether disclosure is required depends on the particular circumstances of the case, taking into account the offense charged, possible defenses, the possible significance of the informant's testimony, and other relevant factors. *Id.*

■ Texas courts have found that the identity of an informant need not be disclosed except in three situations: (1) the informant participated in the offense; (2) the informant was present at the time of the arrest or offense; or (3) the informant was otherwise shown to be a material witness to the transaction or as to whether the defendant knowingly committed the offense. *Bernard v. State*, 566 S.W.2d 575, 577 (Tex.Crim.App.1978); *Thompson v. State*, 741 S.W.2d 229, 230 (Tex.App.—Fort Worth 1987), *pet. ref'd per curiam*, 763 S.W.2d 430 (Tex.Crim.App.1989) (quoting *Parker v. State*, 713 S.W.2d 386, 391 (Tex. App.—Corpus Christi 1986, no pet.)); *Lancaster v. State*, 734 S.W.2d 161, 166 (Tex. App.—Fort Worth 1987, pet. ref'd). In *Ex parte Turner*, 545 S.W.2d 470 (Tex.Crim. App.1977), the Court of Criminal Appeals stated:

> The State's right to refuse disclosure of the identity of an informant is recognized to protect the informant and his family due to his usefulness to the Government as a necessary tool of law enforcement. However, where the evidence shows an informant was in a position at the time of the alleged crime to likely possess personal knowledge of material facts calculated to be vital to a true determination of innocence of guilt, society's need of a truthful verdict outweighs its need, in that particular instance, for concealment of the identity of the informer.

*Id.* at 476.

■ Rule 508 of the Texas Rules of Criminal Evidence sets out the State's privilege to refuse disclosure of the identity of a confidential informant. The rule also lists three exceptions. One of these deals with the situation where the informant provided information relied upon to establish probable cause. *See* TEX.R.CRIM.EVID. 508(c)(3). This exception states:

> If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, he may require the identity of the informer to be disclosed.

*Id.*

Appellant contends that the disclosure of the informant's identity and his presence at

the hearing were necessary for appellant to establish that the affiant for the search warrant intentionally, knowingly, or with reckless disregard for the truth included a false statement therein. As previously set out in our discussion in appellant's first point of error, Officer Motl testified that the informant had provided information in the past that had proven to be truthful and correct. There was also testimony by appellant's investigator that the alleged informant had told her appellant's case was the first time the informant had provided information to the police.

The trial judge, as the trier of fact, and sole judge of the credibility of the witnesses, was entitled to believe Officer Motl's testimony and disbelieve the testimony of appellant's investigator. *See Hall v. State,* 778 S.W.2d 473, 474 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Lopez v. State,* 760 S.W.2d 770, 774 (Tex.App.—Corpus Christi 1988, pet. ref'd). There is nothing in the record to indicate that the officer did not believe that the informant, at the time he made the affidavit, was reliable or credible. *See Thompson,* 741 S.W.2d at 231. We find implicit in the trial court's ruling on the motion to suppress the holding that he was satisfied that the information upon which the warrant was based was received from an informant reasonably believed to be reliable or credible. *See Hall,* 778 S.W.2d at 474.

Without something more than was presented in this case, we are unwilling to hold that the trial court committed error in not requiring the disclosure of the informant's identity. *See Taylor v. State,* 604 S.W.2d 175, 178–79 (Tex.Crim.App.1980); *Bosquez v. State,* 792 S.W.2d 550, 552 (Tex. App.—El Paso 1990, pet. ref'd); *Thompson,* 741 S.W.2d at 231.

Having dispensed with appellant's disclosure argument, we now address the question of the State's burden to produce the informant for trial. Appellant cites us to the cases of *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) and *Jones v. State,* 501 S.W.2d 677 (Tex. Crim.App.1973) for the proposition that a defendant is entitled to compulsory process for obtaining witnesses in his behalf. Although we do not dispute this tenet of constitutional law, we find that it is inapposite to appellant's contention. Appellant did not ask the trial judge for a bench warrant, nor is there any other indication that appellant sought service of process which was denied. Appellant's complaint is not that he has been denied compulsory process, but that the State is saddled with the burden of producing the informant at trial.

Before addressing this contention, a brief review of the facts concerning the informant is in order. Appellant's investigator located an individual believed to be the confidential informant in April of 1988. The investigator testified that she had no trouble locating this individual. The investigator also testified she obtained the alleged informant's address and phone number by looking in the phone book. The investigator talked to the alleged informant on the phone on two different occasions. The investigator was unable to speak to the alleged informant in person, although she went to the individual's home on four occasions. The record indicates that appellant's trial attorney went along on one of these attempts to speak to the alleged informant. The investigator testified that in the nine months preceding appellant's hearing, she had made no further attempt to locate the individual in question.

Appellant's trial attorney also testified about the efforts to locate the alleged informant. The attorney testified that approximately six weeks before the date of the hearing, he went back to the neighborhood where the alleged informant lived, but decided not to contact the individual because it might cause the informant to absent himself from the hearing. Although the attorney knocked on the doors of several houses in the neighborhood, he was unable to locate anyone who knew the alleged informant. The attorney also testified that no further effort was made to locate the individual because he relied on the State to produce the witness. On cross-examination, appellant's attorney admitted that he had made no attempt to locate the individual through directory assistance. He also

stated that he was not surprised that a police officer, during the hearing, had been able to call directory assistance and get a number for the individual appellant claimed to be the confidential informant. Appellant filed a motion to suppress in which he stated that the informant was an individual named Bill Catero, whose whereabouts were unknown to appellant, but "should be known" to law enforcement officials. Appellant requested the trial court require the State to produce the informant. During the course of the hearing, appellant's attorney asserted that he knew who the informant was. Appellant's attorney requested a subpoena application during the course of the hearing, but stated that he did not have an address for the individual. He went on to say that it was his belief that since the confidential informant had been named in the motion to suppress, it was incumbent upon the State to produce the witness. Appellant's attorney did swear out a subpoena for the alleged informant during a recess.

Appellant has failed to cite us to any authority for the proposition that the State has the burden to produce the informant for trial. Our own research reveals a want of Texas authority in this area. Most case law deals with the question of the disclosure of an informant's identity, which we have already addressed. We will first review the few cases we have found that seem to speak to this issue.

In *Laque v. State*, 627 S.W.2d 781 (Tex. App.—San Antonio 1982, pet. ref'd), the accused sought disclosure and production of an informant who had supplied information used by an officer to obtain a search warrant. The court first held that the accused was not entitled to disclosure of the informant's identity. *Id.* at 784. In affirming the trial court's denial of a motion for production of the informant, the court analyzed the case in light of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *Laque*, 627 S.W.2d at 784. The court found that the issue of probable cause could be determined without the need for the informant. *Id.* Although the court overruled the point of error complaining of nondisclosure, it never

addressed the question of the burden to produce.

In *Fitzpatrick v. State*, 632 S.W.2d 935 (Tex.App.—Fort Worth 1982, pet. ref'd), Justice Holman, writing for this court, found that the State had no duty to produce the informant at trial where: 1) the appellant knew the identity of the informant; 2) the sheriff had been unable to locate the informant to serve him with a subpoena obtained by the appellant fifteen days before trial; and 3) there was no evidence that the State concealed the informant or knew his location at time of trial. *Id.* at 938. This case did not, however, involve a confidential informant.

We have turned to federal decisions for guidance in this area. While we recognize that these opinions are not controlling authority, we find them to be of benefit in reaching our decision. In the case of *United States v. Tatum*, 496 F.2d 1282 (5th Cir.1974), the court stated that "[t]he Government is under no duty to call witnesses even if they are informers." *Id.* at 1284. This statement sets the tone for the federal decisions on the question of the government's duty to produce informants at trial. In *United States v. Herrera*, 455 F.2d 157 (5th Cir.1972), the accused cited error in the trial court's refusal to require production of the informant. The court of appeals stated that there was no error in refusing to require the government to produce the informant where said individual was not a participant in the drug offense. *Id.* at 158.

In certain cases, disclosure of the identity of the informant may be required. *Rovario v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Ex parte Turner*, 545 S.W.2d 470 (Tex.Crim.App. 1977). There is a distinction between disclosure and production, however. *United States v. Turbide*, 558 F.2d 1053, 1060 (2d Cir.), *cert. denied sub nom., Perez v. United States*, 434 U.S. 934, 98 S.Ct. 421, 54 L.Ed.2d 293 (1977). Even if disclosure is required by the circumstances, the government is not under a duty to produce the informant. *Id.* The courts have stated that when the identity of the informant

must be disclosed, the best practice is to require the government to disclose the last known residence of the informant or to provide reasonable assistance in locating the individual. *See United States v. Gentile*, 495 F.2d 626, 633–34 n. 9 (5th Cir. 1974); *see also United States v. D'Angiolillo*, 340 F.2d 453, 455 (2d Cir.), *cert. denied*, 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972 (1965) (government is required to provide information and assist in service of process when disclosure is required). This assistance does not mean that the government is required to actually produce the informer at trial. *Gentile*, 495 F.2d at 633–34 n. 9; *D'Angiolillo*, 340 F.2d at 455.

 In addition to this line of authority, we are unable to see how appellant can claim any harm. Appellant purports to have knowledge of the identity of the informant. Appellant made no showing that the informant was unavailable or appellant was prevented in any way from calling him as a witness. Although appellant claims in his brief that the State opposed every effort by appellant to locate the alleged informant, the record does not support this contention. We also find nothing in the record to indicate that the State, through its prosecuting attorney, had any special or concealed knowledge about the location of the informant. Appellant's attorney admitted that he made no real effort to contact the individual appellant claims to be the confidential informant. In fact, appellant failed to even try to subpoena the individual for the hearing, instead relying on the State to do so.

Given appellant's failure to do anything to help himself, and finding the reasoning espoused in the federal cases to be persuasive, we hold that the State does not here have the burden to produce the informant at trial.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.