Affirmed and Opinion filed July 12, 2007








Affirmed and Opinion filed July 12, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00571-CR

____________

 

CARLOS McNICKLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1045035

 



 

O P I N I O N

Appellant, Carlos McNickles, appeals his conviction on his
guilty plea for possession of a controlled substance with intent to deliver,
enhanced as a second offender with a prior conviction for burglary of a
habitation, and his twenty-year sentence in the Texas Department of Criminal
Justice, Institutional Division.  On appeal, McNickles asserts the trial court
erred in denying his motion to suppress, he received ineffective assistance of
counsel, and the trial court erred in denying his motion for new trial.  We
affirm. 








                                                  Background

Officer Marshum Sinegal works in an undercover capacity in
the Narcotics Division of the Houston Police Department.  A confidential
informant, with whom Sinegal had previously worked, set up a meeting at 11:30
p.m., on October 25, 2005, for Sinegal to purchase 50 ecstasy pills from
appellant.  Sinegal was to meet appellant at a Chevron gas station at Cullen
and Loop 610.  The informant told appellant Sinegal was his cousin.  The
informant described appellant as a skinny black male with braids, driving an older
model green Grand Am.  When Sinegal arrived at the Chevron station, he observed
appellant parked in a green Grand Am.  

At least two officers have to be present to conduct
surveillance.  Sinegal could not conduct the purchase because there were not
enough officers to conduct the surveillance.  However, because the purchase was
already set, Sinegal was not going to allow appellant to drive away with 50
ecstasy pills; therefore, he requested other patrol units that were parked down
the block, out of sight, to detain appellant for possession of narcotics.  

Two patrol units, driven by Officers Sweatt and Casco,
pulled into the Chevron station and parked directly in front of, and at an
angle to, appellant=s vehicle.  As Sweatt pulled in the
parking lot, he observed the top of appellant=s head as he was
bending down.  It appeared to Sweatt that appellant was reaching under the seat
or the floorboard.  Because he was not sure if appellant was reaching for a
weapon, Sweatt exited the patrol car, stood behind the car door, and drew his
service weapon.  Sweatt pointed the weapon at appellant.  Appellant complied
with Sweatt=s order to raise his hands.  Casco opened the door and
pulled appellant out.  Appellant was still standing close to vehicle and was
not wearing handcuffs.  From the passenger door, Sweatt grabbed the knife
appellant had been sitting on and reached under the seat to make sure there was
no weapon, but found a plastic bag full of pink pills. 

 

 








                                            Motion to Suppress

In his first point of error, appellant asserts the trial
court erred in denying his motion to suppress because the police officers
exceeded their right to detain, search, and arrest him.  We review the trial
court=s ruling on a
motion to suppress for an abuse of discretion.  Dyar v. State, 125
S.W.3d 460, 462 (Tex. Crim. App. 2003).  At the hearing on the motion to
suppress, the trial court is the sole judge of the weight and credibility of
the evidence.  Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App.
2007).  When there are no explicit findings of historical fact, we review the
evidence in the light most favorable to the trial court=s ruling and
assume the trial court made implicit findings of fact supported in the record. 
Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005), cert.
denied, __ U.S. __, 127 S. Ct. 145 (2006); Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005).  

Thus, in reviewing a trial court=s ruling on a
motion to suppress, we afford almost total deference to the trial court=s determination of
the historical facts that the record supports, especially when the trial court=s findings turn on
evaluating a witness=s credibility and demeanor.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000), modified on other
grounds by State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).  We
afford the same amount of deference to the trial court=s ruling on Aapplication of law
to fact questions,@ also known as Amixed questions of
law and fact,@ if resolving those ultimate questions turns on
evaluating credibility and demeanor.  Id.  








The Fourth Amendment forbids unreasonable searches and
seizures by government officials.  Wiede, 214 S.W.3d at 24.  It is the
State=s burden to
establish the existence of probable cause to justify a warrantless arrest or
search.  Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). 
An officer may conduct a warrantless search of a motor vehicle if the officer
has probable cause to believe the vehicle contains evidence of a crime.  Powell
v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994).  A>Probable cause to
search exists when reasonably trustworthy facts and circumstances within the
knowledge of the officer on the scene would lead a man of reasonable prudence
to believe that the instrumentality of a crime or evidence of a crime will be
found.=@  Parker v.
State, 206 S.W.3d 593, 597 (Tex. Crim. App. 2006) (quoting Estrada,
154 S.W.3d at 609).  Known facts and circumstances include those personally
known to the officer or those derived from a Areasonably
trustworthy@ source.  Wiede, 214 S.W.3d at 24.  

The Atotality of the circumstances@ approach applies
to appellate review of probable cause for warrantless searches.  Torres v.
State, 182 S.W.2d 899, 902 (Tex. Crim. App. 2005).  Under the totality of
the circumstances approach, an informant=s veracity,
reliability, and basis of knowledge are all highly relevant in determining the
value of a tip.  Illinois v. Gates, 462 U.S. 213, 230 (1983).  These
elements are closely intertwined issues that may usefully illuminate the
commonsense, practical question of whether there is probable cause to believe
that contraband or evidence is located in a particular place.  Id. 
Probable cause requires only a probability or substantial chance of criminal
activity, not an actual showing of criminal activity.  Eisenhauer v. State,
678 S.W.2d 947, 954 (Tex. Crim. App.1984), overruled on other grounds by
Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991) (quoting Gates,
462 U.S. at 243 n.13).  

Appellant contends the police did not have articuable
evidence of probable cause to believe the vehicle he was in contained evidence
of a crime other than uncorroborated information from a confidential informant
not proved to be reliable and credible.  While the information from an unnamed
informant alone does not establish probable cause, the informant=s tip along with
independent police investigation may provide a substantial basis for finding
probable cause.  Whaley v. State, 686 S.W.2d 950, 950B51 (Tex. Crim.
App. 1985).  








Sinegal testified he had worked with this confidential
informant on at least five previous occasions and the information he had
received from the informant had been reliable and correct.  The informant had
contacted Sinegal on October 24, about a possible meeting for October 25.  The
informant contacted Sinegal again on October 25, with information about the
meeting that night.  Sinegal=s observations were consistent the
information he had received from the informant, i.e., appellant, fitting the
physical description given by the informant, was parked in a green Grand Am at
the Chevron station, where the transaction was to take place, at the appointed
time.  

Appellant further complains that although Sinegal testified
that he had received some unspecified information on five previous occasions,
and that the CI had given correct information of some sort of unknown number of
those five times, there is no evidence if those previous occasions resulted in
any arrests or convictions.  To the contrary, there is no authority to suggest
previous information provided by an informant must have resulted in an arrest
or a conviction.  Ashorn v. State, 802 S.W.2d 888, 890 (Tex. App.CFort Worth 1991,
no pet.); Gonzales v. State, 704 S.W.2d 508, 510 (Tex. App.CHouston [1st
Dist.] 1986, no pet.).  Moreover, it may be inferred that the police would not
repeatedly act on information provided by an informant who has not proven by
experience to be reliable.  Dixon v. State, 206 S.W.3d 613, 617 (Tex.
Crim. App. 2006).  

Appellant next complains there is nothing to indicate the
informant had seen appellant in possession of the ecstasy pills before
contacting Sinegal.  However, there is no Arequirement that
an informant or an affiant must have seen the items in the context of
this case sought under a search warrant before the warrant can issue.@  Elliott v.
State, 687 S.W.2d 359, 362 (Tex. Crim. App. 1985) (emphasis in original).  

Appellant also points out, before contacting the patrol
units, Sinegal did not observe appellant engaged in anything of an illegal
nature.  Sweatt did not observe appellant doing anything illegal and he had no
information from the owner of the premises that appellant had been engaged in
any illegal activity.  However, Sinegal was there to purchase 50 ecstasy
pills.  Moreover, it is not necessary that the officer corroborate the fact
that a suspect actually possesses the contraband in his car before detaining
him because A[c]orroborating the existence of the [contraband]
before police search for that [contraband] is neither necessary nor, in many
cases, possible.@  Dixon, 206 S.W.3d at 618.  








Appellant argues Sweatt=s observance of a
furtive gesture alone does not establish probable cause for a search in light
of no evidence to corroborate the informant=s information.  Howard
v. State, 599 S.W.2d 597, 604B05 (Tex. Crim.
App. 1979).  However, appellant=s detention by Sweatt and Casco was based
on Sinegal=s corroboration of the informant=s information.  See
Farmah v. State, 883 S.W.2d 674, 678 (Tex. Crim. App. 1994) (stating when
one officer relies solely on another officer=s request to
arrest a suspect, probable cause must be based on the requesting officer=s knowledge and if
the requesting officer has sufficient information to establish probable cause,
the arrest will be justified).  

We find Sinegal had probable cause to believe appellant
would be in possession of ecstasy pills to support the warrantless search of
appellant=s car.  Sinegal was able to independently corroborate
appellant=s physical description, the description of the car,
and the location and time of the meeting.  Sinegal=s informant, who
had proven to be reliable, had arranged a meeting for Sinegal to purchase 50
ecstasy pills.  The trial court did not abuse its discretion in denying
appellant=s motion to suppress.  Appellant=s first point of
error is overruled. 

                              Ineffective Assistance of Counsel








In his second point of error, appellant contends his
attorney rendered ineffective assistance of counsel by failing to (1) file a
motion for discovery, (2) request the disclosure of the identity of the
informant, and (3) request a continuance.  Both the United States and Texas
Constitutions guarantee an accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 2005).  The right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States Supreme Court has established a two‑prong
test to determine whether counsel is ineffective.  Id.  Appellant must
first demonstrate his counsel=s performance was deficient and not
reasonably effective.  Id. at 688B92.  Thereafter,
appellant must demonstrate the deficient performance prejudiced his defense.  Id.
at 693.  Essentially, appellant must show that his counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and there is a reasonable probability that, but for his
counsel=s unprofessional
errors, the result of the proceeding would have been different.  Id.; Valencia
v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).

Judicial scrutiny of counsel=s performance must
be highly deferential and we are to indulge the strong presumption that counsel
was effective.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  We assume counsel=s actions and decisions were reasonably
professional and that they were motivated by sound trial strategy.  Id. 
Moreover, it is appellant=s burden to rebut this presumption, by a
preponderance of the evidence, via evidence illustrating why trial counsel did
what he did.  Id.  Any allegation of ineffectiveness must be firmly
founded in the record and the record must affirmatively demonstrate the alleged
ineffectiveness.  McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996), overruled on other grounds by Mosley v. State, 983 S.W.2d
249, 263 (Tex. Crim. App. 1998).  

If appellant proves his counsel=s representation
fell below an objective standard of reasonableness, he must still affirmatively
prove prejudice as a result of those acts or omissions.  Strickland, 466
U.S. at 693; McFarland, 928 S.W.2d at 500.  Counsel=s errors, even if
professionally unreasonable, do not warrant setting the conviction aside if the
errors had no effect on the judgment.  Strickland, 466 U.S. at 691. 
Appellant must prove that counsel=s errors, judged
by the totality of the representation, denied him a fair trial.  See
McFarland, 928 S.W.2d at 500.  If appellant fails to make the required
showing of either deficient performance or prejudice, his claim fails.  See
id.  

At the hearing on appellant=s motion for new
trial, Alvin Nunnery testified he was appointed to represent appellant. 
Because Nunnery=s mother was seriously ill, on January 6,
2006,[1]
he had another attorney, Loretta Muldrow, sign the reset form.  The reset form
contains the handwritten notations: AADA will pull
supplement[.]  Def atty asked for P.C. or C.I.@  He does not know
if Muldrow made those notations. 








On June 22, 2006, the trial court held a hearing on
appellant=s motion to suppress. Until about 15 minutes prior to
the start of the hearing, Nunnery did not know a confidential informant was
involved, but, instead, thought the case involved an anonymous tip.  When
Nunnery found out there was an informant, he did not request a continuance of
the suppression hearing or seek to discover the identity of the informant.  

Nunnery testified, in hindsight, he does not wish he would
have filed a motion to disclose the identity of the informant, explaining, AI think the case
law is clear that for a motion for disclosure of [an] informant, among other
things, you have to make a threshold showing that that informant has valid
evidence or significant evidence that touches the issue of guilt or innocence
of your client.@  Nunnery further explained, in this
possession case, where the questions on guilt/innocence were custody, care, and
knowledge, the identity of the informant would not help link the narcotics to
appellant or link the identity of appellant as the person who possessed the
narcotics.  

The State has a privilege to refuse to disclose the
identity of a person who has furnished information assisting in an
investigation of a possible violation of the law to law enforcement.  Tex. R. Evid. 508(a).  As explained by
Nunnery at the hearing on the motion for new trial, under one of the exceptions
to the State=s privilege, the appellant must show the informer Amay be able to
give testimony necessary to a fair determination . . . on guilt or innocence in
a criminal case, . . .@  Id. 508(c)(2).  At the hearing,
appellant=s counsel argued the issue at the suppression hearing
was not guilt or innocence, but the legality of the search.  Under another
exception to the State=s privilege, if information from an
informer is relied upon to establish the legality of the means by which
evidence was obtained and the court is not satisfied that the information was
received from an informer reasonably believed to be reliable or credible, the
court may require the disclosure of the informer=s identity.  Id.
508(c)(3).  








Rule 508(c)(3) is discretionary.  Blake v. State,
125 S.W.3d 717, 728 (Tex. App.CHouston [1st Dist.] 2003, no pet.).  The
trial court may require the disclosure of the informer=s identity only if
it is not satisfied the information was received from an informer reasonably
believed to be reliable or credible.  Id.  Appellant has not shown anything
in the record suggesting the trial court did not believe the informant to be
reliable or credible.  Without deciding whether Nunnery=s performance was
deficient, we conclude appellant has not shown prejudice.  Appellant=s second point of
error is overruled. 

                                          Motion for New Trial

In his third point of error, appellant argues the trial
court erred in overruling his motion for new trial because the undercover
officer=s intentional
misrepresentation in the police report constitutes police misconduct. 
Appellant did not raise this issue in his amended motion for new trial and,
therefore, it is waived on appeal.[2] 
Tex. R. App. 33.1.  Appellant=s third point of
error is overruled.  

Accordingly, the judgment of the trial court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed July 12, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Publish C Tex. R. App. P. 47.2(b).









[1]  Nunnery=s
mother passed away the next dayCJanuary 7.  





[2]  In his amended motion for new trial, appellant
argued Nunnery was ineffective for failing to file either a motion for
discovery or a motion to disclose the identity of the informant.  Appellant did
not raise this as a ground for new trial among the several grounds argued at
the hearing on the motion.  In any event, even if this ground had been raised
at the hearing, it would have been waived on appeal because the motion must
include all grounds asserted for granting a new trial.  Lee v. State,
186 S.W.3d 649, 658 (Tex. App.CDallas 2006,
pet. ref=d).