Affirmed and Memorandum Opinion
filed December 14, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00500-CR



Jimmy Lee
Butler, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 149th District Court

Brazoria County, Texas

Trial Court Cause
No. 57,601



 

MEMORANDUM OPINION 

            A
jury found the appellant, Jimmy Lee Butler, guilty of possession of controlled
substances and the trial court sentenced him to six years’ confinement in the
Texas Department of Criminal Justice, Institutional Division.  On appeal,
Butler contends the trial court erred by denying his motion to suppress
evidence obtained as the result of an allegedly illegal search and by failing
to require the State to disclose its confidential informant.  For the reasons
explained below, we affirm.




I

            In
June 2008, Officer Matthew Christopoulos of the Freeport Police Department conducted
surveillance of Butler’s residence and observed suspicious activity there. 
Christopolous used a confidential informant to purchase drugs from the residence
on May 29, 2008, and June 3, 2008.  The confidential informant purchased both
cocaine and hydrocodone from Butler at his residence.  

            On
June 3, 2008, Christopolous obtained a search warrant for Butler’s residence. 
Regarding the confidential informant, Christopolous alleged in his affidavit
supporting the search warrant:

Your affiant states that the confidential informant has
provided information to your affiant in the past and that the information has
been found to be true and reliable.  Your affiant has utilized the CI in the
past on numerous narcotics investigations.

Christopolous
then provided details of the two “controlled buys” the confidential informant
made at Butler’s residence.  

            When
officers executed the search warrant at Butler’s residence, they found, among
other things, cocaine and hydrocodone.  Butler was charged and convicted of two
counts of possession of cocaine and hydrocodone, alleged as one criminal
episode.  

            Before
the trial, the trial court heard Butler’s motion to suppress.  Concerning the
confidential informant, Butler argued in his motion that the warrant was
conclusory because it failed to sufficiently support the allegation that the
confidential informant was reliable or credible.  Butler called Christopoulos,
who testified concerning the controlled buys using the confidential informant. 
The State also clarified that the drugs obtained as part of the controlled buys
were not the basis of the current charges, and Butler was being prosecuted only
on the drugs found during the execution of the search warrant.  The trial court
denied the motion to suppress.

            At
trial, Christopolous again testified concerning his use of the confidential
informant and the information he attested to in the affidavit supporting the
search warrant.  He testified that the confidential informant who had made the
controlled buys had been used in the past and had proven to be reliable. 
Further, he testified that the confidential informant was not present at the
time the house was searched.  Christopolous then testified concerning the
execution of the search warrant and the items found in Butler’s residence,
including the cocaine and hydrocodone.

            During
Christopoulos’s testimony, the parties approached the bench and defense counsel
requested permission to ask questions which could potentially reveal the identity
of the confidential informant.  The State again noted that the confidential
informant was not a witness to this case.  Butler argued, “I would like to find
out her credibility as to the whole basis of the probable cause to enter
someone’s home.”  The State invoked the privilege to refuse to disclose the
identity of the confidential informant.

            A
discussion followed between the parties and the trial judge.  At one point the judge
noted that he had found the confidential informant to be reliable, but found
that the defense could still offer evidence that she was not reliable.  Over
the State’s objections, the judge allowed the defendant to ask Christopolous a
limited number of questions concerning the confidential informant.  Outside of
the jury’s presence, Christopoulos testified that no female officer was present
to search the confidential informant, assuming the confidential informant was
female.  Christopolous also testified that that if a female had been used, he
would have searched her, but he would not have searched under her underwear.  

            Christopolous
further testified that the confidential informant had worked about eight or
nine previous cases over a period of about a month prior to trial.  About three
or four cases resulted in warrants being issued.  In each of these cases,
officers located drugs.  The confidential informant proved credible in each
case.  There was no indication that the confidential informant was hiding drugs
on her body.  Christopolous also explained that the confidential informant was
working off a case in which she had broken off a piece of her prescription drug
for anxiety while in jail and given it to another inmate.

            After
this questioning, Butler declined to present any evidence showing that the confidential
informant provided unreliable information in this case.  The judge then ruled, “I’ll
find there is no plausible showing as to how her testimony would be necessary
to a fair determination of guilt or innocence.”  Butler’s counsel clarified for
the record that he never requested an in camera hearing for the
confidential informant.  The judge then stated that he would not prohibit the
defense from calling a witness who might have been the confidential informant,
and the State would need make a relevancy objection at that time and another
hearing would be held.

            The
jury then returned.  Christopoulos testified that in this case he searched the confidential
informant first by having the informant empty pockets.  Christopolous then
checked the confidential informant’s socks and shoes, did a pat down search,
and checked the waistband area.  He also explained that the confidential
informant was “working off” a possession-of-Xanax case.  

            Later
in the trial, the court held a hearing outside the jury’s presence concerning a
witness the defense had subpoenaed but who failed to appear.  The witness,
Soledad Muniz, stated that she did not appear because she had “been threatened
because of what actually is going on.”  She stated that she was scared.  The
court fined her $500 for failing to appear.  The trial judge then conducted two
in camera hearings, after which he announced that he found nothing which
would undercut the witness’s reliability if she were, in fact, the confidential
informant.[1] 
He also found “that the information that was the underlying source of obtaining
the evidence is reliable.”




II

            On
appeal, Butler contends that the jury should have had the right to determine
the credibility of the confidential informant based on cross-examination by his
counsel.  He also contends the trial court should have held an in camera
hearing to question the informant, and not simply rely on the officer’s
statement.  Butler argues that because no hearing was held, his Sixth Amendment
right to confront the witness was violated.  The State responds that Butler
failed to preserve error as to these complaints and, in any event, he presented
no evidence from which the trial court could have determined that the informant
was not reliable or credible.

            The
State has the “privilege to refuse to disclose the identity of a person who has
furnished information relating to or assisting in a criminal investigation.” 
Tex. R. Evid. 508(a).  Exceptions to the rule require the State to disclose the
identity of a confidential informant if: (1) the informer may reasonably be
able to give testimony necessary to a final determination of the issues of
guilt or innocence, Tex. R. Evid. 508(c)(2); or (2) “information from an
informer is relied upon to establish the legality of the means by which
evidence was obtained and the judge is not satisfied that the information was
received from an informer reasonably believed to be reliable or credible.” 
Tex. R. Evid. 508(c)(3).  

            A
defendant who makes a request under Rule 508 has the threshold burden of
demonstrating that the informant’s identity must be disclosed.  See Bodin v.
State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991).[2]  The
appellant must make a “plausible showing” of how the informant’s information
may be important; mere conjecture or speculation is insufficient.  Washington
v. State, 902 S.W.2d 649, 656 (Tex. App.—Houston [14th Dist.] 1995, pet.
ref’d).  We review the trial court’s determination for abuse of discretion.  Hall
v. State, 778 S.W.2d 473, 474 (Tex. App.—Houston [14th Dist.] 1988, pet.
ref’d).

            We
agree that Butler failed to preserve error as to whether he was entitled to
either the disclosure of the confidential informant’s identity or an in
camera examination of the confidential informant.  Below, Butler never
requested that the trial court direct the State to disclose the confidential
informant’s identity.  In fact, Butler stated on several occasions he was not
asking that the confidential informant’s identity be disclosed, and he also
stated that he was not requesting an in camera examination of the
confidential informant.  At trial, Butler argued that he was entitled to ask Christopoulos
certain questions about the confidential informant to determine whether that
person was credible and reliable.  But the State perceived some of Butler’s
questions to be calculated to lead to the discovery of the informant’s identity,
rather than the informant’s credibility or reliability.[3]  The State
objected to those questions and invoked the privilege under Rule 508.  

            Butler’s
claims at trial do not comport with his claims on appeal, and therefore he has
not preserved error on those issues.  See Buchanan v. State, 207 S.W.3d
772, 774–78 (Tex. Crim. App. 2006) (trial court motion based on constitutional
arguments did not preserve error for statutory claims on appeal); Foster v.
State, 874 S.W.2d 286, 289 (Tex. App.—Fort Worth 1994, pet. ref’d) (claim
on appeal of deficiencies in affidavit and warrant did not comport with motion
claiming arrest was without probable cause and argument that affidavit failed
to show informant was reliable).[4]

            Alternatively,
considering Butler’s issue on the merits, we conclude that he has not
demonstrated that the trial court abused its discretion.  The confidential
informant in this case participated in the transactions that resulted in
probable cause to search Butler’s residence, but did not participate in the
charged offense.  Thus, Rule 503(c)(3) governs whether the identity of an
informer must be disclosed to support the means used to obtain evidence.  See
Washington, 902 S.W.2d at 656.  

            Under
Rule 503(c)(3), if the judge is not satisfied that the informant was reliable
and credible, the judge may require the identity of the informant to be
disclosed.  Here, the trial judge denied Butler’s motion to suppress at the
hearing on the motion and again at trial.  The judge’s rulings reflect his determination
that he was satisfied that the information upon which the warrant was based was
received from an informant reasonably believed to be reliable or credible.  See
id.; Ashorn v. State, 802 S.W.2d 888, 892 (Tex. App.—Fort Worth
1991, no pet.).  Butler points to no evidence to the contrary.  Therefore, Butler
has not demonstrated that the trial court abused its discretion in denying his
motion to suppress.  See Washington, 902 S.W.2d at 656; Ashorn,
802 S.W.2d at 892; Bosquez v. State, 792 S.W.2d 550, 552 (Tex. App.—El
Paso 1990, pet. ref’d).

*
* *

            We
overrule Butler’s issue and affirm the trial court’s judgment.

 

                                                                        

                                                            /s/        Jeffrey
V. Brown

                                                                        Justice

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The trial court also held a separate in camera hearing that was sealed.





[2]
Although Butler mentions Rule 508 in his brief, he does not argue that any
specific provision of the rule applies or that he made the required showing
contemplated under the rule.





[3]
For example, Butler asked Officer Christopolous, “Do you know where [the
confidential informant] is today?”  Butler believed he knew the identity of the
confidential informant, and was apparently seeking information to assist him in
obtaining a subpoena for the informant.  The State also objected when Butler
asked for the name of the defendant in the first case the confidential informant
worked on with Christopolous.





[4]
Moreover, the confidential informant was involved only in assisting Officer
Christopoulous in establishing probable cause for him to obtain a search
warrant for Butler’s residence; the informant did not testify against Butler
and was not involved in the determination of his guilt or innocence.  We note
that several courts have held that in this circumstance, an appellant’s right
of confrontation is not implicated.  See Shedden v. State, 268 S.W.3d
717, 736–37 (Tex. App.—Corpus Christi 2008, pet. ref’d); Lillard v. State,
994 S.W.2d 747, 753 (Tex. App.—Eastland 1999, pet. ref’d).