William James EDMOND, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–95–00033–CR.

Court of Appeals of Texas,
Texarkana.

Nov. 3, 1995.

Cora Meyer, Carthage, for appellant.

Danny Buck Davidson, District Attorney, Carthage, Dana R. Whitmer, Asst. District Attorney, Carthage, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

William Edmond appeals from his conviction for the offense of delivery of a controlled substance after trial by jury. The critical question on appeal is whether the trial court erred by refusing to compel the State to identify a confidential informer pursuant to Rule 508. TEX.R.CRIM.EVID. 508. We conclude that the trial court did err in this regard and reverse and remand for a new trial.

Edmond sold one rock of crack cocaine to Van Burr, an undercover police officer. The undercover officer testified that he made the purchase while sitting in the driver's seat of his car and that Edmond was only two feet away from him, in good light, and was easily identifiable. An informer was in the passenger's side of the automobile. Edmond's counsel asked that this individual be identified and brought to testify. The court refused the request. At trial, Edmond's only defensive argument was that Burr confused him with his brother.

The provisions of Rule 508 are broader than the requirements that formerly applied under the prior law. *Anderson v. State,* 817 S.W.2d 69, 71 (Tex.Crim.App. 1991). Rule 508(c)(2) requires only that there be a reasonable probability that the informer can give testimony necessary to a fair determination of the issue of guilt. TEX.

R.Crim.Evid. 508(c)(2).[1]  It is only necessary for a defendant to make a plausible showing that the informer could give testimony necessary to a fair determination of guilt. *Anderson,* 817 S.W.2d at 72; *Bodin v. State,* 807 S.W.2d 313, 318 (Tex.Crim.App.1991). That potential testimony must be of a type that would significantly aid in the determination of guilt of the accused. *Bodin,* 807 S.W.2d at 318.

■ An accused is entitled to have the identity disclosed whenever it is shown that an informer was an eyewitness to an alleged offense, because in such a case, that informer can in fact give testimony necessary to a fair determination of the issue of guilt. *Anderson,* 817 S.W.2d at 72.

■ In this case, unlike in *Anderson,* the confidential informer did not observe the transaction. Thus, he was not an eyewitness to the sale and would not have been a material witness to prove the sale. However, he saw the person immediately before and immediately after the transaction, turning his head momentarily so as not to see the actual transaction, as instructed. His testimony would nevertheless have been material to prove the identity of the individual. Based upon the testimony of Burr, the individual who accompanied him probably could testify that the person he saw approach Burr that night was, or was not, the defendant on trial.

We are compelled to hold that such testimony was necessary to a fair determination of Edmond's guilt or innocence. *See* Tex. R.Crim.Evid. 508(c)(2).

Once Edmond established that the informer might be able to give testimony necessary to a fair determination of his guilt as required by the rule, the trial court was required to proceed as directed by Rule 508(c)(2). It must hold an in camera hearing to determine whether the informer can supply such testimony; if the trial court then finds that there is a reasonable probability that the informer can give the testimony, the prosecutor can elect to disclose or not disclose the identity of the informer. *Id.* If at that point the prosecutor elects not to disclose the identity of the informer, the trial court, on motion of the defendant, is required to dismiss the charges. *Id.*

■ We conclude that, after Edmond sought the identity of the informer, the trial court erred in failing to follow Rule 508. We are unable to say that beyond a reasonable doubt this error made no contribution to Edmond's conviction. Tex.R.App.P. 81(b)(2).

We reverse the trial court's judgment and remand the cause for a new trial.

---

1.  The relevant part of Rule 508, entitled "Identity of Informer," is as follows:

> (a) **Rule of Privilege.** The United States or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer or member of a legislative committee or its staff conducting an investigation.
>
> (b) **Who May Claim.** The privilege may be claimed by an appropriate representative of the public entity to which the information was furnished, except that the privilege shall not be allowed if the state objects.
>
> (c) **Exceptions.**
>    . . . .
> (2) *Testimony on Merits.* If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issues of guilt, innocence and the public entity invokes the privilege, the judge shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the judge may direct that testimony be taken if he finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the public entity elects not to disclose his identity, the judge on motion of the defendant shall dismiss the charges to which the testimony would relate and the judge may do so on his own motion. Evidence submitted to the judge shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without consent of the public entity. All counsel and parties shall be permitted to be present at every stage of proceedings under this subdivision except a showing in camera, at which no counsel or party shall be permitted to be present.

Tex.R.Crim.Evid. 508(a), (b), (c)(2).