NUMBER 13-99-308-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


AMALIA GONZALES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of Aransas County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Yañez, Rodriguez, and Kennedy(1)


Opinion by Justice Kennedy



 Appellant was indicted for possession with intent to sell cocaine, more than one
ounce but less that four ounces. She pleaded guilty and was assessed punishment at
confinement for eight years in the institutional division of the Texas Department of
Criminal Justice. In addition, she was assessed a fine of $500.00 and was ordered
to pay restitution in the amount of $140.00 to the Department of Public Safety Lab.

 Before appellant's plea of guilty, the trial court held a hearing on appellant's
motion to suppress the evidence seized by the Aransas County Sheriff's Office from
appellant's residence. The evidence, cocaine, was seized as a result of a raid on
appellant's residence pursuant to a search warrant issued by an Aransas County
Magistrate. The search warrant was issued based upon the affidavit of an Aransas
County sheriff's deputy, wherein he relied upon information furnished him by a
confidential informant. 

 Appellant's brief raises two issues. Issue No. 1 asks, "Did the Court err in
failing to suppress the evidence obtained by virtue of false information provided to the
Magistrate negligently and/or with reckless disregard for the truth?" A challenge such
as this is governed by the rules stated in Bosquez v. State, 792 SW2d 550 (Tex.
App. - El Paso 1990, pet. ref'd), which holds:

 The defendant must initially make a substantial showing of (1)
such a false statement, (2) made by the affiant intentionally,
knowingly or with reckless disregard for the truth, and (3) that
such statement was necessary to the finding of probable cause. 
Upon such showing, the accused is entitled to a hearing at which
inquiry may extend beyond the four corners of the affidavit. If at
such hearing, the affiant's perjury or reckless disregard for the
truth is established by the accused by a preponderance of the
evidence, then the false material is to be disregarded and the
remainder of the affidavit evaluated to determine whether or not
it still establishes probable cause.


Bosquez, 792 SW2d at 551.

 The thrust of appellant's argument in support of issue one is that the informant
lied about seeing the cocaine at appellant's premises on the date he claimed to have
seen it, which was within twenty-four hours of December 17, 1998. The information
was provided by the informant on December 17, 1998 and the search warrant was
signed on the same date. The warrant was executed on December 18, 1998. 

 In rebuttal, the affiant testified that she was not at home on December 16th 
or 17th, having spent this time at the home of a friend. The friend supported affiant's
testimony, but only to the extent that appellant spent the evening hours of these two
days with her. She assumed that appellant was at work during the day.

 This court held in Lopez v. State 760 SW2d 770 (Tex. App. - Corpus Christi
1988, no pet.), "the trial judge, as the trier of fact and sole judge of the credibility of
witnesses at the hearing, was entitled to believe that Swearinger's(2)
 testimony and
disbelieved appellants. Lopez 760 SW(2d) at 774. Here, appellant did not prove to
the satisfaction of the trial judge that the informant's statement to the investigating
officer was false. We overrule issue number one.

 Issue Number 2 asks, "Did the court err in failing to grant the identification of
the confidential informant, if any, to prove the false information, and to provide a
material defense, i.e., the contraband was planted by the alleged confidential
informant?" In her brief, appellant contends that the disclosure of the informant's
identity is necessary in order to bring him into court to " establish that the affiant for
the search warrant intentionally, knowingly, or with reckless disregard for the truth
included the false statements therein." 

 The merits of this issue are governed by Texas Rules of Criminal Evidence Rule
508, as follows (in pertinent part): 

 (a) Rule of Privilege. The United States or a state or
subdivision thereof has a privilege to refuse to disclose the
identity of a person who has furnished information relating
to or assisting in an investigation of a possible violation of
a law to a law enforcement officer or member of a
legislative committee or its staff conducting an
investigation. 

 

 (b) . . .

 

 (c) Exceptions. 

 

 (1). . . 

 

 (2) Testimony on Merits. If it appears from the evidence in
this case or from other showing by a party that an informer
may be able to give testimony necessary to a fair
determination of a material issue on the merits in a civil
case to which the public entity is a party, or on guilt or
innocence in a criminal case and the public entity invokes
the privilege, the court shall give the public entity an
opportunity to show in camera facts relevant to determining
whether the informer can in fact supply that testimony. 
The showing will ordinarily be in the form of affidavits, but
the court may direct the testimony be taken if it finds that
the matter cannot be resolved satisfactorily upon affidavit.


 Appellant has offered no evidence to show herself entitled to the informant's
presence in court. Under these circumstances, the informant's presence in court for
examination would amount to nothing more than a fishing expedition. 

 An accused is entitled to have the identity of an informer disclosed whenever
it is shown that the informant was an eyewitness to the alleged offense, because the
informer can give testimony necessary to a fair determination of the issue of guilt. 
Edmond v. State, 911 SW2d 487, 488 (Tex. App. - Texarkana 1995, no pet.). The
trial judge heard evidence that only appellant and the officers were present when the
warrant was executed. The trial court, as the trier of fact and sole judge of the
credibility of witnesses at the hearing, was entitled to believe the officer's testimony
and disbelieve appellants. 

 We overrule appellant's second issue and AFFIRM the judgment of the trial
court.

 Noah Kennedy

 Retired Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 25th day of May, 2000.


1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex. Gov't Code Ann. §74.003 (Vernon 1988).
2. Swearinger was the officer who investigated the case and made the affidavit
for the search warrant.