Cornell **FITZPATRICK**, Appellant,

v.

**The STATE of Texas, State.**

**No. 2–81–128–CR.**

Court of Appeals of Texas,
Fort Worth.

May 5, 1982.

Crampton, Crampton & Estrada and Robert G. Estrada, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Dan Tompkins, Asst. Dist. Atty., Wichita Falls, for appellee.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction of possession of heroin. Punishment was assessed by the jury at 16 years imprisonment.

We affirm.

Appellant was indicted for possession of heroin with intent to deliver. The jury found him guilty of the lesser included offense of possession.

Appellant complains (1) that the destruction of State's evidence before trial denied him due process, (2) the State did not produce an informant at trial, (3) he should have been granted a continuance to enable him to locate the informant, (4) a motion to suppress the fruits of illegal search was denied, and (5) his warrantless arrest was illegal and entitled him to suppress the evidence.

In addition to the brief of his court-appointed attorney, appellant has filed a pro se brief.

■ Since there is no right to hybrid representation, and the pro se brief only reasserts matters briefed by appellant's counsel, it presents nothing for review. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr. App.1977).

The evidence is that on October 13, 1979, while Wichita Falls police officer Douglas L. Baker was on patrol, he was informed by one Ivory Anderson that a person in a nearby bar was dealing heroin.

Detective Baker believed Anderson to be a reliable informant, and Anderson agreed to go to the bar and attempt to persuade the "dealer" to sell him heroin outside the bar.

Within fifteen minutes, detective Baker and another officer arrived at the bar.

While parked in their unmarked police car, in a position enabling them to observe the alley behind the bar, the officers saw Ivory Anderson and the appellant standing on a public sidewalk adjacent to the alley.

The officers watched Anderson hand money to the appellant, who was holding a small box.

Appellant dropped the box as the officers approached to arrest him.

The arrest was made, and the officers confiscated the money and the box, which contained ten balloons.

The informant was neither detained nor arrested.

Narcotics officers, called to the scene, conducted a "field test" on one balloon, found heroin, and took possession of the box and its contents.

Department of Public Safety chemist Glen Harbison testified that his preliminary tests indicated the presence of heroin in the balloons, and he then took them to the D.P.S. laboratory in Austin for further chemical analysis.

Mr. Harbison observed and participated in the Austin tests which determined that the substance found in the balloons contained heroin.

The Austin analysis included a gas chromotography/mass spectrophotometry testing device which produces its results on charts which are then compared to known standards to identify the presence of heroin.

Mr. Harbison testified that the charts were discarded after the analyzed substance was identified as heroin.

Appellant's first ground of error complains that by destroying the charts which he might have been able to discredit at trial, the State withheld exculpatory evidence, denying appellant the due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

■ The Constitution, of course, does not require a prosecutor to open his file to an accused or to give him a complete and detailed disclosure of all investigatory police work done in his case. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

In *Agurs*, the Supreme Court noted that "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."

In the instant case, appellant relies upon the following testimony of state chemist Glen Harbison:

Q. So that your policy of destroying those charts—Is that your personal policy, or is that a policy of your Department of Safety?

A. That's department policy.

. . . . .

Q. How long has it been department policy?

A. I don't know, sir.

Q. OK. Well, but your department policy is destroying those results, to keep somebody else from being able to compare those charts in order to maybe bring it before the jury to try to prove his innocence.

A. I suppose so, sir.

We find no evidence in the record that the prosecutor was aware of, or attempted to influence, D.P.S. policy with regard to the charts.

■ However, a prosecutor's alleged moral culpability or willfulness in withholding evidence from an accused is not the yardstick by which we measure a claim that due process has been denied. *Agurs, supra.*

The test is whether the withheld evidence is material, so that its omission deprives the accused of a fair trial; and the answer will be found by examining the entire record. *Agurs, supra; Turpin v. State,* 606 S.W.2d 907 (Tex.Cr.App.1980).

If appellant's guilt was established by other probative evidence beyond a reasonable doubt, then the destroyed charts were not material, in the constitutional sense.

The state's chemist, Glen Harbison, testified that the test involving the charts was only one of three identification tests by which the balloon contents were analyzed.

Tests by "thin layer chromotography" and by "infrared spectrophotometry" were conducted, in addition to the chart test.

Having been duly qualified and unchallenged as an expert, the chemist's conclusion that the tested substance was heroin was competent probative evidence which supports the conviction despite the absence of the charts. *Hernandez v. State,* 530 S.W.2d 563 (Tex.Cr.App.1975).

■ We hold that the destroyed charts from one of three tests did not constitute evidence material in a constitutional sense, for the destruction did not deny a fair trial or due process.

Appellant's first ground of error is overruled.

■ The second ground complains of the State's failure to produce informant Ivory Anderson as a witness at trial.

If the informant had not been known to the appellant, the State would have had a duty to disclose his identify. *Roviaro v. U. S.,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Ex parte Turner,* 545 S.W.2d 470 (Tex.Cr.App.1977).

At trial, appellant testified without contradiction that he knew Anderson to be the informant and that several law enforcement agencies were then seeking Anderson with warrants for his arrest.

The record shows that the Wichita County sheriff was unable to locate Anderson to serve him with a subpoena obtained by appellant fifteen days before trial.

There is no evidence that the State concealed the informant or knew his location at time of trial.

We hold that the State was under no duty to produce him at the trial.

Appellant's second ground of error is overruled.

■ The third ground complains of the denial of appellant's motion for continuance to allow him to find Ivory Anderson.

Appellant's motion alleged that Anderson's presence was material, because he would testify that he (1) is the informer, (2) is the black male seen talking to appellant immediately before the arrest, (3) is presently on federal parole (4) has agreed at times to give police information which resulted in numerous arrests, and (5) that such agreements violate the terms of his parole.

Each of the matters, other than the alleged parole violation, was introduced into evidence by a combination of the appellant's own testimony and that of other witnesses.

We hold that the refusal to grant a continuance was not reversible error.

Appellant's third ground of error is overruled.

His fourth and fifth grounds contend that his arrest and search were illegal, and the court should have granted his motion to suppress the evidence seized.

In addition to the box of balloons, the evidence included a baggie containing heroin which police officer John Rudowski saw appellant place inside a canister ash tray at the police station while he was being booked after his arrest.

Upon the evidence, we conclude that the warrantless arrest on a public sidewalk was justified upon probable cause, and that the evidence confiscated there was in plain view of the arresting officers. V.A.C.C.P. art. 14.01; *Hamilton v. State*, 590 S.W.2d 503 (Tex.Cr.App.1979).

Further we hold that police confiscation of the baggie of heroin which officer Rudowski saw appellant place in the bottom part of the canister ash tray did not involve a "search", and such evidence was admissible. *Gomez v. State*, 486 S.W.2d 338 (Tex. Cr.App.1972).

Appellant's fourth and fifth grounds of error are overruled.

Judgment is affirmed.